IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: ARLENE KLEMKOWSKI | * | Case No.: 22-10257 MMH |
| Debtor | * | Chapter 13 |

* * * * * * * * * * * * *

ARLENE KLEMKOWSKI
    Movant
v.
CITIMORTGAGE, INC.
    and
CENLAR FSB, SERVICER for
 CITIMORTGAGE, INC.
    Respondents

* * * * * * * * * * * * *

## **MOTION TO REQUIRE CREDITOR TO ACCEPT ELECTRONIC PAYMENT**

COMES NOW the Debtor, ARLENE KLEMKOWSKI , by David W. Cohen, Debtor's Attorney, and prays this Court issue an Order, pursuant to 11 USC §105, compelling CITIMORTGAGE, INC. and CENLAR, FSB, as servicer for CITIMORTGAGE, INC. and/or their agents, or their successors (collectively "lender") to accept payment by electronic means and for cause says:

1. That Lender has filed a Motion to Modify Stay alleging postpetition default (Docket 42). The Motion alleges, inter alia, that the Debtor failed to make post-petition payments as required under her plan and her general obligation under 11 USC §362 to provide adequate protection.

2. That the Debtor has attempted to cure the Default, as set forth in her response to the Motion. In the interest of ensuring that payments are promptly posted, the Debtor attempted to make payment through Lender's website, which is generally available to borrowers whose loans it services. The Debtor has been unable to do so, as Lender does not accept online payment from borrowers who have sought relief under the Bankruptcy Code.

3. The Debtor has been permitted to make payments by phone as "one time drafts," as set forth on Exhibits A and B, which are screen shots of the Debtor's bank records.[1] Although Lender verbally issues a confirmation number, it does not provide receipts to borrowers who have sought relief under the Bankruptcy Code. Since the Debtor is not permitted to access the website, she cannot obtain receipts on her own.

---

[1] The Debtor has indicated that she made another payment in November, 2023 but she is not able to use her phone banking application to search back prior to November 16. She has no computer to attempt to search farther.

4. The Debtor through Counsel, has requested that Lender consent to making its website available, but this request has been refused. Electronic payment would simplify both payment by the Debtor and proper accounting by Lender.

5. That there is no valid business or legal reason for the failure of Lender to accept electronic payment, and such refusal amounts to discriminatory treatment of Debtors under the Code.

6. That this Court has power, pursuant to 11 USC §105(a), impose no to "..issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Order requested by Debtor will simplify administration of this case, assist both Debtor and Creditor, and imposes no hardship whatsoever upon Lender, since the facilities to process electronic payments already exist.

WHEREFORE, Debtor prays this Court:

A. Issue and Order compelling Respondent, its successors in interest, agents and assignees to accept electronic payment from the Debtor in the same method and under the same conditions that are available to borrowers who have not sought relief under the Bankruptcy Code.

B. And for such other and further relief as justice and the nature of this cause may require.

RESPECTFULLY SUBMITTED,

  S/ David W. Cohen
David W. Cohen
PO Box 176
Simpsonville, MD 211150
Dwcohen79@jhu.edu
Bar No 03448
410 837-6340
FAX 410-347-7889

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15 day of January, 2024 a copy of the foregoing was served by mail upon CITIMORTGAGE, INC., MS 140, 1000 Technology Drive, O'Fallon MO 63304; the Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium MD 21093-2264, resident agent for Citimortgage, Inc. ; Cenlar FSB, 425 Phillips Blvd., Ewing, NJ 08618, attention David Schneider President (regular and certified mail)[2] and by CM/ECF upon Nikita Joshi, bankruptcy@bww-law.com, counsel for Cenlar, FSB; Brian Tucci, Trustee, ecf@ch13balt.com

                                                 S/ David W Cohen
                                                 David W. Cohen

---

[2] Cenlar, FSB is not registered with the Department of Assessments and Taxation and maintains no resident agent in the State of Maryland.