IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: ARLENE KLEMKOWSKI | * | Case No.: 22-10257 MMH |
|     Debtor | * | Chapter 13 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

ARLENE KLEMKOWSKI
    Movant

v.

CITIMORTGAGE, INC.
    and
CENLAR FSB, SERVICER for
 CITIMORTGAGE, INC.
    Respondents

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN REJOINDER TO CREDITOR'S MEMORANDUM OPPOSING MOTION TO REQUIRE CREDITOR TO ACCEPT ELECTRONIC PAYMENT**

COMES NOW the Debtor, ARLENE KLEMKOWSKI , by David W. Cohen, Debtor's Attorney, and for Rejoinder to the Response filed by compelling CITIMORTGAGE, INC. and CENLAR, FSB, as servicer for CITIMORTGAGE, INC. and/or their agents, or their successors (collectively "Creditor[1]" or "Servicer") to accept payment by electronic means says:

A. Receipt of Monthly statements

The Debtor has asserted that she does not receive regular statements from Servicer, but in the absence of actual knowledge that the statements were not mailed, she does not deny Servicer's assertion that the statements were put in the mail, rather stating under oath that payments were not received (Debtor's Affidavit, Docket 68-2 at Paragraph 9). Servicer asserts, in effect, that mailing creates an irrebutable presumption of receipt. (Docket 69 at Paragraph 15).

---

[1]Hereafter, the term "Servicer" shall be used, in recognition of the fact that Cenlar FSB is not the owner of the loan, but is instead a contractor retained by the owner of the loan to collect and process payments and other administer the owner's rights under the obligation. The owner of the loan, Citimortgage, Inc., is also a party to this proceeding.

In support of that assertion, Servicer cites *Brito v Major Energy Electric Services, LLC*, 562 F.Supp. 3d 95(D.Md. 2021).  Facts are important when *dicta* is cited.  The Plaintiff in *Brito* asserted that she was, without her knowledge and consent, enrolled as a customer of the Defendant for provision of electric power.  Defendant asserted, *inter alia*, that it had mailed an initial notice of enrollment to Plaintiff and that over an extended time had mailed statements, including statements of rate change.  Plaintiff's position changed over time, first from "I didn't contract," next to "I didn't get the mail," and finally to "it looked like junk mail and I may have just thrown it out." *Brito* at 113-14.  (These assertions were made in serial pleadings, which the Court had already determined not to allow) The Debtor's position in the matter at bar has been consistent.  *Brito*, as one might expect, does not stand for the proposition that a denial of receipt is insufficient to overcome the presumption of receipt.  Rather, it stands for the proposition that a party can't accomplish that end by taking various positions.  A presumption, therefore, is just that, a device to shift the burden from one side to the other.   Otherwise, it would be sufficient for a debtor, in response to a Motion for Relief from Stay based upon non-payment to merely assert that she put the check in the mail, and upon such assertion, the lender would be powerless to assert non-receipt.   One doubts that Cenlar would readily accept that argument.

B.     Accuracy of records

Servicer's copies of the statements it asserts were mailed to the debtor appear to contain inaccuracies. For example, the statement for January, 2024 shows payment receipts of $596.16 on January 6, $213.45 on January 17 as "partial unapplied payment" and $600.00 as "partial unapplied payment" on February 1.  (Docket 69-7 at page 31).  These amounts are inconsistent with those shown on the first page of the statement, which shows a $600.00 unapplied payment

on January 6 and an "unapplied funds" balance of $777.26 as of the February 1 statement date.[2] and The Debtor has already demonstrated phone payments of $600.00 on January 4 and $1,000.00 on January 12 (Docket 46-1, 46-2). A "regular payment, which Servicer is obligated to credit in full upon receipt, is $587.37 (Docket 69-7, page 29). Accordingly, Servicer's own records show that it is failing to comply with its requirements to accurately account for payments.

C. Authority of Court to Grant requested Relief

Servicer, in its Responsive Memorandum asserts that the relief requested by Debtor is impossible, and that therefore no injunction should issue. As factual support, it offers nothing beyond the bald assertion that its existing portal is not designed to allow a Bankrupt Debtor to make payment or obtain information. (Docket 69 at Paragraph 20, 22) . Indeed, in its Memorandum, Servicer states that its policy is to deny web access to borrowers in Bankruptcy, and that it has failed to program the website to do so. It further appears that the block is easily rerversible. (Docket 69 at Paragraph 19-22)   The gap between "I don't want to do X" and "it's impossible for me to do X" is significant and important, unless Servicer is willing to concede that if OTHER servicers are able to use their websites to accept payments from Debtors in Bankruptcy that it is prepared to do the same. (See, for example, Exhibit "A," a redacted copy of an authorization sent to another servicer, at its request, to permit the servicer to have ongoing contact with a Debtor regarding payment)

As legal justification for its assertion that this Court has no power to order it to accept internet payments, Servicer cites authority for propositions which the authority does not support.

---

[2] "Unapplied funds" should not exceed the amount required to make a regular payment, and accumulation of the amount equal to a regular payment should be treated as such. 12 CFR §1026.36(c)(1)(ii)(B).

Specifically, it cites Judge Garbis' opinion in the case of *Bank of America v, NA v Kissi*, Case 8:120cv-03266-PWG (D.MD., 3/16/2015 at Docket 99) to support the proposition that "that courts will not enter an order compelling the impossible, particularly when, as here, the relief is not otherwise warranted and would impose a substantial hardship and prejudice on (the enjoined party)." Servicer is citing dicta set out in a footnote to support a limitation on the Court's authority to regulate its conduct. Facts, of course, are important. The Defendant in *Kissi* was a serial litigant, having brought numerous actions against Bank of America. The Defendant was already required to obtain pre-filing clearance for any new cases filed in the Bankruptcy Court for the District of Maryland , the District Court for the District of Maryland and several other State and Federal Courts. The Bank sought to extend that relief on a national basis, but later narrowed its request to only cover Maryland . Quite reasonably, Judge Garbis determined that 1) it was likely that the injunction would be ignored,[3] 2) the Plaintiff had amply demonstrated an both resources and ability to quickly halt frivolous actions by the Defendant in numerous forums and 3) that there was little point to adding contempt litigation before the District of Maryland to any new case filed in derogation of the requested relief. None of those factors are present here. Presumably, Servicer would not ignore this Court's Order and the only action which would result from its doing so would be very limited.

    WHEREFORE, Debtor prays this Court:

    A. Issue an Order compelling Respondent, its successors in interest, agents and assignees to accept electronic payment from the Debtor in the same method and under the same conditions that are available to borrowers who have not sought relief under the

---

[3] "(E)ven the sanction of imprisonment was insufficient to prevent Defendants' continued abuse of the courts." *Kissi* at 7

Bankruptcy Code.

B. And for such other and further relief as justice and the nature of this cause may require.

RESPECTFULLY SUBMITTED,

  S/ David W.  Cohen  
David W. Cohen  
PO Box 176  
Simpsonville, MD 211150  
Dwcohen79@jhu.edu  
Bar No 03448  
410 837-6340  
FAX 410-347-7889

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10 day of June 2024 a copy of the foregoing was served by CM/ECF upon Nikita Joshi, bankruptcy@bww-law.com, And upon Adam Kaplan, akaplan@stradley.com counsel for Cenlar, FSB, subservicer for Citimortgage, Inc.; Brian Tucci, Trustee, ecf@ch13balt.com

  S/ David W Cohen  
David W. Cohen