

MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | |
|---|---|
| In re: | |
| Arlene Delores Klemkowski, | Case No. 22-10257-MMH |
| Debtor. | Chapter 13 |
| Arlene Delores Klemkowski, | |
| Movant, | |
| v. | |
| CitiMortgage, Inc., et al., | |
| Respondents. | |

## ORDER ADDRESSING MOTION TO REQUIRE CREDITOR TO ACCEPT ELECTRONIC PAYMENT

Ms. Arlene Delores Klemkowski, the above-captioned debtor (the "Debtor"), filed a petition for relief under chapter 13 of the Code on January 19, 2022. ECF 1. The pending matter concerns the Debtor's Motion to Require Creditor to Accept Electronic Payment (the "Motion"). ECF 46. By the Motion, the Debtor asks the Court to require Citimortgage, Inc. and Cenlar FSB, as servicer (the "Servicer"), to accept the Debtor's monthly mortgage payments through the Servicer's website and online portal. The Servicer opposed the requested relief. The Court held a preliminary hearing in this matter on May 13, 2024. The Court then entered a Preliminary Order,

which set deadlines for additional briefing and identification of supplemental evidence. ECF 64. The Court held a further evidentiary hearing on August 15, 2024. The parties have presented their evidence and arguments on the record at the hearings and have filed post-hearing briefs. The Court likewise has had a full opportunity to review the record and study the applicable law. This matter is now ripe for resolution.

For the reasons set forth in the Memorandum Opinion entered simultaneously herewith and incorporated fully herein by reference;[1] it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Servicer's action in this matter violated section 362(a)(3) of the Code and is void ab initio; and it is further

**ORDERED**, that the Debtor did not establish monetary damages caused by the foregoing violation of the automatic stay under section 362(k) of the Code; and it is further

**ORDERED**, that the Court will hold a further hearing on the Motion to provide the parties an opportunity to brief and be heard on whether any remedy (other than monetary damages under section 362(k)) is appropriate or warranted under the facts and circumstances of this matter; and it is further

**ORDERED**, that the Court will set the further hearing on the Motion, with an appropriate briefing schedule, by separate Order.

cc:   Debtor
      Debtor's Counsel
      Servicer's Counsel
      Chapter 13 Trustee
      U.S. Trustee

**END OF ORDER**

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Memorandum Opinion.